IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NH Special Events, LLC,      *

   Plaintiff,      *

v.      *      Civil Action No. 8:19-cv-01838-PX

Franklin Exhibits Management Group, LLC,      *

   Defendant.      *

   ***

## MEMORANDUM OPINION

Pending before the Court is Plaintiff NH Special Events, LLC's motion to remand. ECF No. 13. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court remands this case.

**I.  Background**

In August 2018, Plaintiff entered into a license agreement with Defendant Franklin Exhibits Management Group, LLC to allow Defendant to display an Air Force One replica at the National Harbor. ECF No. 13-1 at 2. The agreement was terminated on February 8, 2019, however, Defendant failed to remove the display. *Id.*

In March 2019, Plaintiff filed a Complaint for wrongful detainer in the District Court for Prince George's County, Maryland, seeking possession of the premises and damages. ECF No. 1-1 at 2. The Sheriff's Office ("Sheriff") attempted service of the summons and complaint on Defendant and, after it was unable to serve the summons, affixed a copy of the summons and complaint to the property and mailed a copy to Defendant. *Id.* at 4; ECF No. 1-4 at 25.

The district court scheduled a trial for April 11, 2019, but Defendant failed to appear. ECF No 13-1 at 3. As a result, the district court entered a default judgment against the Defendant granting possession of the property to Plaintiff but did not assess damages. *Id.*

Plaintiff's counsel also wrote to Defendant on May 15, 2019, stating Plaintiff's intention to take possession of the property in accordance with the judgment. ECF No. 17-4 at 1. A day after receiving this letter, Defendant "conducted a Maryland Case Search" and claims to have first become aware of the Complaint. ECF No. 17 at 5.

Defendant subsequently moved to vacate the default judgment. ECF No. 1-1 at 10. The court granted the motion on June 20, 2019 in open court and with both parties in attendance. ECF No. 13-1 at 3–4. Defendant accepted service of the complaint at the hearing and noted removal the following day. *Id.* at 4; ECF No. 1. Plaintiff thereafter moved to remand. ECF No. 13.

**II.     Standard of Review**

This Court, as one of limited jurisdiction, may hear only civil cases that implicate a federal question or are brought pursuant to the Court's diversity jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Diversity jurisdiction is proper where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (2015). Where diversity jurisdiction is proper, a defendant may remove the case to federal court pursuant to 28 U.S.C. § 1441. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Because removal "raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey*, 29 F.3d at 151; *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."). The defendant, as the removing party, bears the burden of "demonstrating the court's jurisdiction over the matter." *See Md. Stadium Auth. v. Ellerbe*

*Becket, Inc.,* 407 F.3d 255, 260 (4th Cir. 2005); *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

### III. Analysis

28 U.S.C. § 1446 governs the procedure for removal. The statute states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, **or** within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added).

Pursuant to this section, where the complaint first filed in state court is not required to be served on the defendant, the 30-day removal period begins once the summons is served. *Int'l Equity Corp. v. Pepper & Tanner, Inc.*, 323 F. Supp. 1107, 1109 (E.D. Pa. 1971); *see also Potter v. McCauley*, 186 F. Supp. 146, 149 (D. Md. 1960); 14C Charles Alan Wright et al., Federal Practice and Procedure § 3731 (4th ed. 2009).

This is that case. The Maryland Rules provide that the manner and scope of service may be circumscribed by statute. Md. R. 3-121(d) ("The methods of service provided in this Rule are in addition to and not exclusive of any other means of service that may be provided by statute or rule for obtaining jurisdiction over a defendant."). Maryland's wrongful detainer statute specifies that upon the filing of a complaint for relief, the Maryland District Court "shall summons immediately the person in possession to appear before the court on the day specified in the summons to show cause, if any, why restitution of the possession of the property to the person filing the complaint should not be made." Md. Code, Real Prop. § 14-132(d)(2). If the person in actual possession cannot be found, the Sheriff "shall affix an attested copy of the summons conspicuously on the property." *Id.* § 14-132(d)(3). Affixing the summons constitutes

sufficient service to regain possession "[i]f notice of the summons is sent to the person in possession by first-class mail." *Id.* § 14-132(d)(4). Pertinent to this analysis, the statute nowhere requires service of the complaint on the defendant. Thus, the 30-day window for service under 28 U.S.C. § 1446 begins after the above-stated service requirements are fulfilled.

The wrongful detainer complaint in this case was filed in Maryland District Court in March 2019, triggering by court order a summons to be served on the Defendant. The Sheriff was unable to locate the Defendant, and instead conspicuously posted the summons on the property on April 2, 2019. *Id.* The Sheriff next mailed a copy of the summons to Defendant on April 3, 2019. ECF No. 1-4 at 25.[1] Under Maryland's wrongful detainer statute, therefore, Defendant was properly served with the summons as of April 3, 2019. *See* ECF No. 1-1 at 2. Accordingly, the 30-day period to note removal pursuant to 28 U.S.C. § 1446(b)(1) commenced on April 3, 2019.

Defendant did not remove this action until June 21, 2019, well beyond the thirty-day window. ECF No. 1. Because Defendant thus failed to comply with Section 1446, immediate remand is warranted. *FHC Options, Inc. v. Sec. Life Ins. Co. of Am.*, 993 F. Supp. 378, 380 (E.D. Va. 1998); *see also Davis v. Rutherford*, No. 2:09-CV-00096, 2009 WL 2599329, at *6 (S.D. W. Va. May 19, 2009), *adopted in relevant part*, 2009 WL 2599328, at *4 (S.D. W. Va. Aug. 20, 2009). The Court grants Plaintiff's motion to remand. ECF No. 13.

A separate Order follows.

| | |
|---|---|
| 7/31/2019 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |

---

[1] Although the evidence does not state that the mailing was first class, the Court takes judicial notice that first class mail is the cheapest class of mail for letters. *See Classes of Mail*, United States Postal Service, https://pe.usps.com/BusinessMail101/Index?ViewName=ClassesOfMail (last visited July 30, 2019). Thus, if the Sheriff had chosen to mail the summons via higher priority mail, the Sheriff would have exceeded the requirements of the statute.